# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

MICHAEL J. ROBINSON                                                                                 PLAINTIFF

v.                                                          CIVIL ACTION NO. 4:10CV-P65-M

SOUTHERN HEALTH PARTNERS *et al.*                                       DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss a portion of Plaintiff's claims for failure to state a claim and will provide Plaintiff with an opportunity to amend his complaint as to other claims. Absent timely amendment, the Court will dismiss this action in its entirety.

### I.

Plaintiff Michael J. Robinson is a convicted inmate currently incarcerated at the Daviess County Detention Center (DCDC). Acting *pro se* he filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Southern Health Partners, DCDC, Jailer David Osborne, and the Kentucky Department of Corrections. Plaintiff sues Defendants in their official capacities only. He complains that he has kidney stones and needs treatment. He states that Kentucky Department of Corrections Officials have repeatedly transferred him from one county facility to another to avoid having to provide him treatment. He alleges that he is currently at DCDC in pain and in need of medical treatment for his kidney stones.

As relief, Plaintiff seeks compensatory and punitive damages. The Court construes Plaintiff's claims to be for a violation of his Eighth Amendment right to be free from cruel and unusual punishment.

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a *person* acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

**Kentucky Department of Corrections**

The Kentucky Department of Corrections is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Exec. Order No. 2004-730 (July 9, 2004); Ky. Rev. Stat. § 12.250. A state, its agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Furthermore, Plaintiff's claims against the KDOC are barred by the Eleventh Amendment to the United States Constitution. *Kentucky v. Graham*, 473 U.S. 159, 169, (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Daleure v. Commonwealth of Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000) ("The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit."). Thus, all claims for relief against the KDOC will be dismissed.

Plaintiff alleges in his complaint that unnamed KDOC officials directed that he be moved from one county facility to another to avoid having to pay for his medical care. Plaintiff did not name any such individuals in his complaint, but certain documents included with his complaint reference individuals involved in the transfers. The Court will provide Plaintiff with an opportunity to amend his complaint to name the persons allegedly responsible for his transfers. *See Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986).

2

**Daviess County Detention Center**

The Daviess County Detention Center is not a "person" subject to suit under § 1983 as municipal departments, such as jails, are not amenable to suit under § 1983. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983).

**Southern Health Partners and Jailer Osborne**

A corporation may be a "person" for purposes of 42 U.S.C. § 1983 when acting as the alter ego of a state. *Ancata v. Prison Health Services*, 769 F.2d 700 (11th Cir. 1985) (corporation acting on behalf of a county is a person). However, under 42 U.S.C. § 1983, respondeat superior is not a proper basis for liability even when the claim is pursued against a corporation acting on behalf of a municipality. *See, e.g., Ward v. Kentucky State Reformatory*, No. 3:09CV-P315-H, 2009 U.S. Dist. LEXIS 64976 (W.D. Ky. July 24, 2009). To recover against a corporation working under contract for a prison or jail for § 1983 violations, the Plaintiff must identify "an official policy or custom of the corporation [that] cause[d] the alleged deprivation of federal rights." *Page v. Kirby*, 314 F. Supp. 2d 619, 622 (N.D. W. Va. 2004).

Plaintiff sued Jailer Osborne in his official capacity only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official capacity claim against Defendant Osborne is, therefore, actually against Daviess County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct

3

issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997).

4

In the instant case, Plaintiff has not alleged that either Southern Health Partners or Daviess County acted pursuant to a policy or custom in causing his alleged harm. Before dismissing Plaintiff's claim against Southern Health Partners and Jailer Osborne in his official capacity, however, the Court will provide Plaintiff with an opportunity to amend his complaint to allege a policy or custom. *See Berndt v. Tennessee*, 796 F.2d at 883.

Additionally, the Court notes that Plaintiff mentions several medical providers including DCDC medical director "Virginia" in his complaint, but does not name them as defendants in this action. Plaintiff has also included several documents with his complaint that contain the names of various people Plaintiff claims that have wrongfully denied him medical care. The Court will also allow Plaintiff an opportunity to amend his complaint to name as defendants the persons he claims are responsible for denying him medical care. *See id.*

## II.

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

Plaintiff's claims against the Kentucky Department of Corrections and the Daviess County Detention Center are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. **The Clerk of Court is DIRECTED to terminate the Kentucky Department of Corrections and the Daviess County Detention Center as parties to this action.**

**Plaintiff shall have 30 days from the entry of this Order to amend his complaint to allege a policy or custom against Southern Health Partners and Daviess County. Additionally, within the same time period, Plaintiff shall amend his complaint to name any persons he contends are responsible for the deprivations alleged in his complaint as defendants in this action**. **Plaintiff is WARNED that failure to amend his complaint within**

5

**the allotted time will result in dismissal of his complaint in its entirety.** To assist Plaintiff, the Clerk of Court is **DIRECTED** to affix this case number on a 42 U.S.C. § 1983 form and mail it to Plaintiff.

Date:

cc: Plaintiff, *pro se*

4414.008