# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

**MICHAEL J. ROBINSON**                                                                    **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO. 4:10CV-P65-M**

**SOUTHERN HEALTH PARTNERS** *et al.*                                       **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Michael J. Robinson is a convicted inmate currently incarcerated at the Daviess County Detention Center (DCDC). Acting *pro se* he filed this civil rights action pursuant to 42 U.S.C. § 1983 against Southern Health Partners, DCDC, Jailer David Osborne, and the Kentucky Department of Corrections. Plaintiff sued Defendants in their official capacities only. He complained that he has kidney stones or some other ailment of the urinary tract and needs treatment. He stated that Kentucky Department of Corrections Officials repeatedly transferred him from one county facility to another to avoid having to provide him treatment. He alleged that he is currently at DCDC in pain and in need of medical treatment for his kidney stones. As relief, Plaintiff sought compensatory and punitive damages. The Court construed Plaintiff's claims to be for a violation of his Eighth Amendment right to be free from cruel and unusual punishment.

By Memorandum Opinion and Order entered May 19, 2010, the Court dismissed Plaintiff's claim against the Daviess County Detention Center because it is not a person under § 1983, his claim against the Kentucky Department of Corrections because as a state agency it is immune from liability for money damages under § 1983, and his official-capacity claim against Jailer Osborne as well as his claim against Southern Health Partners because he did not allege that his injuries were caused by a municipal policy or custom. In accordance with *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986), instead of outright dismissing Plaintiff's complaint, the Court provided him

with an opportunity to amend his complaint to allege a policy or custom and/or to name as defendants the persons he claims are responsible for denying him medical care.

Plaintiff responded by filing an amended complaint. As Defendants the amended complaint names: Southern Health Partners; David Osborne, Jailer of the Daviess County Detention Center; Ricky Parnell, Jailer of the Fulton County Detention Center; Tommy Miller, Jailer of the Casey County Detention Center; and William David Gooch, Jailer of the Lincoln County Detention Center. The four jailers are named in their individual capacities only.

In his amended complaint, Plaintiff states that in August of 2009 while housed at the Fulton County Detention Center he began to suffer from back pain and bloody urine. He says that the medical staff there diagnosed him with a "staph infection." Plaintiff then alleges that "spite my doubts as to there findings and no treatment I was transferred 11-3-09 to Casey County Detention Center." At some point around the time he was transferred to Casey County, Plaintiff received a CT Scan "with result of possible 'kidney stone.'" Because he was still in continuous discomfort, Plaintiff was sent to see a specialist in Danville, Kentucky. Plaintiff states that the specialist ordered a second CT Scan "with not confirming the 'stone' but no diagnosis of his own." Because Plaintiff believed he had not been given a satisfactory diagnosis or any effective treatment, he filed a grievance. He states that as a result of his grievance he was transferred again in mid-December 2009. Plaintiff was transferred this time to the Lincoln County Detention Center. Upon arrival there, he informed medical of his "demise." As a result, he was sent to another outside doctor "who checked for STD's and had blood work done." He states that the results of these tests were not shared with him. Then again on December 28, 2009, Plaintiff states that he was transferred to the Crittenden County Detention Center. Again he explained his medical condition during booking. He was transferred on January 4, 2010, to the Fulton County Detention Center. He states that after

2

informing a Lt. Daniels[1] about his medical condition, after only four hours, he was transferred to his present location at the Daviess County Detention Center. He says that he has informed medical staff at the Daviess County Detention Center of his medical condition, discomfort, and previous bloody urine and stool. Despite his complaints, he states that the DCDC medical staff have not given him any treatment.[2] He believes that he has been moved to avoid medical bills.

**Defendant Jailers**

Plaintiff does not mention the four Defendant Jailers anywhere in the body of his amended complaint. They are named only in the parties' section. This indicates to the Court that Plaintiff is attempting to hold these Defendants liable based on their supervisory positions.

"Respondeat superior[3] is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

---

[1] Plaintiff did not name Lt. Daniels as a defendant in either his original or amended complaint.

[2] Plaintiff did not name any medical staff as defendants in either his original or amended complaint.

[3] Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

3

"A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003). Thus, Defendants Osborne, Parnell, Miller and Gooch cannot be held liable based solely on their capacities as jailers. *See Curtis v. Curtis*, 37 F. App'x 141, 142 (6th Cir. 2002) (affirming district court's dismissal of individual-capacity claims against jailer based on his position of authority); *Bevins v. Keesee*, No. 90-5567, 1991 U.S. App. LEXIS 7364, *3-4 (6th Cir. Apr. 10, 1991) ("Sheriff Keesee and County Jailer Stratton are entitled to judgment as a matter of law because Mr. Bevins' claim against them is based solely upon the doctrine of respondeat superior."); *Armer v. Marshall*, No. 5:09CV-P86-R, 2010 U.S. Dist. LEXIS 14999 *4 (W.D. Ky. Feb. 22, 2010) ("Defendant Hazle's position as jailer does not automatically make him liable for the actions of his subordinates.").

Because Plaintiff's allegations against these Defendants relate only to their supervisory roles, the Court must dismiss the claims against them for failure to state a claim. *See Shehee*, 199 F.3d at 300.

**Southern Health Partners**

As explained in the Court's prior Memorandum Opinion and Order, to recover against a corporation working under contract for a prison or jail for § 1983 violations, a plaintiff must identify "an official policy or custom of the corporation [that] cause[d] the alleged deprivation of federal rights." *Page v. Kirby*, 314 F. Supp. 2d 619, 622 (N.D. W. Va. 2004). Like his original complaint, Plaintiff's amended complaint is devoid of any allegations that suggest that his alleged injuries are the result of the execution of any policy or custom of Southern Health Partners. In the absence of such allegations, a claim against Southern Health Partners cannot stand.

As such, the Court will dismiss the claims against this entity for failure to state a claim.

4

**Conclusion**

Having determined that Plaintiff's amended complaint fails to state a viable claim for relief, the Court will dismiss it by separate Order. Before doing so, however, the Court observes that it has given Plaintiff ample opportunity to amend his complaint to name the individuals responsible for his alleged injuries. The Court cannot, however, prosecute Plaintiff's case for him. Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Date:

cc: Plaintiff, *pro se*

4414.008